# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| TRAVIS ALLEN HOPPE,<br><br>    Petitioner,<br><br>vs.<br><br>STATE OF IOWA,<br><br>    Respondent. | No. C19-0009-LRR<br><br>**ORDER** |

Presently before the court is a 28 U.S.C. § 2254 petition (docket no. 1) filed by Travis Hoppe. Also, before the court is Hoppe's motion to proceed in forma pauperis (docket no. 2).

## I.    MOTION TO PROCEED IN FORMA PAUPERIS

Petitioner did not pay the $5.00 filing fee but filed a motion to proceed in forma pauperis.[1] Doc. No. 3. For the court to authorize the commencement of an action without the prepayment of the filing fee, a person must submit an affidavit that includes a statement of all the assets the person possesses. *See* 28 U.S.C. § 1915(a)(1). In addition, a prisoner must submit a certified copy of the trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint, obtained from the appropriate official of each prison at which the prisoner was or is confined. *See* 28 U.S.C. § 1915(a)(2); *see also* Rules Governing § 2254 Cases,

---

[1] The § 2554 fee is a $5.00 statutory fee set out in 28 U.S.C. § 1914(a).

Rule 3(a)(2) (making the affidavit requirement of 28 U.S.C. § 1915 applicable to prisoners proceeding in § 2254 cases).[2]

Petitioner filed a motion to proceed in forma pauperis that complies with the requirements set out above. However, based on his filings, petitioner has the capability to pay an initial partial filing fee in excess of $5.00. (docket no. 2 at 2). Accordingly, petitioner's motion to proceed in forma pauperis (docket no. 2) is **denied**. Petitioner will be given thirty days from the date of this order to pay the $5.00 filing fee.

## II. *§ 2254 INITIAL REVIEW STANDARD*

Rule 4 of the Rules Governing Section 2254 Cases requires the court to conduct an initial review of an application for a writ of habeas corpus and summarily dismiss it, order a response or "take such action as the judge deems appropriate." *See* Rule 4, Rules Governing Section 2254 Cases. The court may summarily dismiss an application for a writ of habeas corpus without ordering a response if it plainly appears from the face of such application and its exhibits that the petitioner is not entitled to relief. *See id.*; 28 U.S.C. § 2243; *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993).

Three primary issues often result in summary dismissal in 28 U.S.C. § 2254 cases. The first reason that often leads to summary dismissal is that the petition obviously fails on its merits. The second reason that often leads to summary dismissal is that the petitioner failed to exhaust the available remedies in the state court system. *See Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011). The final reason that often leads to summary dismissal of applications for habeas corpus relief is the strict one-year statute of limitation provided in 28 U.S.C. § 2244(d)(1).

---

[2] However, the remaining portions of the Prison Litigation Reform Act are not applicable to habeas proceedings. *See Malave v. Hedrick*, 271 F.3d 1139, 1140 (8th Cir. 2001), citing *Anderson v. Singletary*, 111 F.3d 801, 805 (11th Cir. 1997); *see also Martin v. Bissonette*, 118 F.3d 871, 874 (1st Cir. 1997) and *Walker v. O'Brien*, 216 F.3d 626, 637 (7th Cir. 2000).

The calculation regarding the statute of limitations is often complicated. "By the terms of [28 U.S.C. §] 2244(d)(1), the one-year limitation period [. . .] begins to run on one of several possible dates, including the date on which the state court judgment against the petitioner became final." *Ford v. Bowersox*, 178 F.3d 522, 523 (8th Cir. 1999). S*ee* 28 U.S.C. § 2244(d)(1)(A) (specifying that the 1-year period of limitation runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (explaining 28 U.S.C. § 2244(d)(1)(A)); *Riddle v. Kemna*, 523 F.3d 850, 855 (8th Cir. 2008) (stating that the 90 days is not applicable and the one-year statute of limitation under 28 U.S.C. § 2254 runs from the date procedendo issued if the petitioner's direct appeal does not contain a claim that is reviewable by the Supreme Court); *Snow v. Ault*, 238 F.3d 1033, 1035 (8th Cir. 2001) (stating that the running of the statute of limitation for purposes of 28 U.S.C. § 2244(d)(1)(A) is triggered by: (1) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings; or (2) the conclusion of all direct criminal appeals in the state system followed by the expiration of the 90 days allowed for filing a petition for a writ of certiorari in the United States Supreme Court) (citing *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998)).

Due to the one-year statute of limitation under 28 U.S.C. § 2244, the petitioner's application for a writ of habeas corpus is only timely if the period was "tolled" for all but a period of less than one year between when the grace-period started, and the date that the petitioner filed the instant action. *See Peterson v. Gammon*, 200 F.3d 1202, 1204 (8th Cir. 2000). Post-conviction relief actions filed before or during the limitation period for habeas corpus actions are "pending" and the limitation period is tolled during: (1) the time "a properly filed" post-conviction relief action is before the district court; (2) the time for filing of a notice of appeal even if the petitioner does not appeal; and (3) the time for the appeal itself. *See Williams v. Bruton*, 299 F.3d 981, 983 (8th Cir. 2002)

(discussing application of 28 U.S.C. § 2244(d)(2)); *see also Lawrence v. Florida*, 549 U.S. 327, 332 (2007) ("[28 U.S.C.] § 2244(d)(2) does not toll the [one-year limitation] period during the pendency of a petition for certiorari."); *Evans v. Chavis,* 546 U.S. 189, 191 (2006) (holding that an application is tolled during the interval "between (1) a lower court's adverse determination, and (2) the prisoner's filing of notice of appeal, *provided that* the filing of the notice of appeal is timely under state law"); *Snow*, 238 F.3d at 1035-36 (concluding that 28 U.S.C. § 2244(d)(2) does not toll the limitation period for the 90 days during which a petitioner could seek certiorari from a state court's denial of post-conviction relief).

### III.　INITIAL REVIEW ANALYSIS

In 2014, Hoppe plead guilty in Linn County, Iowa, to theft in the first degree. In December 12, 2014, Hoppe was sentenced to a ten-year term of incarceration. *State v. Hoppe*, 06571 FECR 107375 (Linn County, Iowa, 2014).[3] Hoppe filed a timely appeal, which was denied by the Iowa Court of Appeals on October 24, 2015. *State v. Hoppe*, 2015 WL 5965596 *1 (Iowa Ct. App. 2015) (unpublished). However, his ineffective assistance of counsel claim was preserved for review during a subsequent post-conviction relief action. *Id*. Hoppe did not seek further review of that decision at the Iowa Supreme Court, but he did file a timely post-conviction action (*Hoppe v. State*, 06571 PCCV 085030 (Linn County, Iowa, 2017)) on March 28, 2016. His post-conviction case was denied by the Iowa state district court, and by the Iowa Court of Appeals on November 21, 2018. *Hoppe v. State*, 2018 WL 6120045 (Iowa Ct. App. 2018) (unpublished). Hoppe did not seek further review from the Iowa Supreme Court and mailed this petition on January 22, 2019.

---

[3] Hoppe's term of incarceration was initially suspended. However, it appears that his probation was subsequently revoked, and the term of incarceration imposed.

Based on the forgoing, Hoppe had at least three months remaining on the one-year limitation period when he mailed his § 2254 petition. Accordingly, it is timely filed. However, Hoppe's petition fails for two other reasons. First, Hoppe did not seek further review of the Iowa Court of Appeals decision denying his ineffective assistance of counsel claims. The Eighth Circuit Court of Appeals has stated that:

> [u]nder [Iowa's] system, a party wishing to appeal a ruling of an Iowa district court may appeal to the supreme court. Iowa R. App. P. 6.1(1) (2007); *see Effler*, 769 N.W.2d at 883. The supreme court may then choose to transfer any case (except a case in which state law grants that court exclusive jurisdiction) to the court of appeals. Iowa Code §§ 602.4102(2), 5103(3); Iowa R. App. P. 6.401(1) (2007); *see Effler*, 769 N.W.2d at 883. "Once a transfer has been made, the supreme court no longer has jurisdiction of the matter, unless a party seeks further review of the court of appeals decision." *Effler*, 769 N.W.2d at 883; *see* Iowa Code § 602.4102(2). The supreme court regains jurisdiction only if it grants an application for further review. *Effler*, 769 N.W.2d at 883; Iowa Code § 602.4102(2), (4); *see* Iowa R.App. P. 6.402 (2007). Nothing in Iowa law indicates that an application for further review in the supreme court is an extraordinary measure outside of the state's established appellate review process. *Cf. Akins v. Kenney*, 410 F.3d 451, 454 (8th Cir. 2005) (analyzing Nebraska's appellate review process); *Dixon*, 263 F.3d at 779 (analyzing Missouri's appellate review process). Therefore, an Iowa prisoner whose appeal is deflected to the Iowa Court of Appeals must file an application for further review in the Supreme Court of Iowa to exhaust his claims properly in the state courts.

*Welch v. Lund*, 616 F.3d 756, 758–59 (8th Cir. 2010). Accordingly, because he did not seek further review, Hoppe failed to exhaust his state court remedies. Second, Hoppe's petition fails on the merits because he failed to make any actual claim. Rather, his petition merely states the facts of his original state court conviction. For those two reasons, Hoppe's petition (docket no. 1) is **denied**.

## IV. CERTIFICATE OF APPEALABILITY

In a 28 U.S.C. § 2254 proceeding before a district judge, the final order is subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is

5

held. *See* 28 U.S.C. § 2253(a). However, unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F. 3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)); *see also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds that petitioner failed to make the requisite "substantial showing." *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because he does not present a question of substance for appellate review,

there is no reason to grant a certificate of appealability. Accordingly, a certificate of appealability is **denied**. If petitioner desires further review of his 28 U.S.C. § 2254 petition, he may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

## V. CONCLUSION

**IT IS THEREFORE ORDERED:**

(1) Petitioner's motion to proceed in forma pauperis (docket no. 2) is **denied**.

(2) Petitioner will be given thirty (30) days from the date of this order to pay $5.00 filing fee.

(3) Upon initial review, the petition (docket no. 1) is **denied** for the reasons set forth above.

(4) A certificate of appealability is **denied**.

**DATED** this 3rd day of September, 2019.

LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA